OPINION
{¶ 1} Defendant-Appellant, Gerald Stewart, appeals from the judgment of conviction and sentence entered upon a trial court's verdict finding Appellant guilty of one count of Endangering Children. On February 14, 2005, a timely Notice of Appeal was filed on behalf of Appellant. On April 27, 2005, Attorney Terrence Baxter, Counsel for Appellant, filed a brief, pursuant to Anders v. California (1997), 388 U.S. 924, indicating that the within appeal was wholly frivolous. However, in said brief, counsel for Appellant raised one potential Assignment of Error. The potential Assignment of Error in the case is as follows:
 {¶ 2} "The verdict is against the manifest weight of the evidence".
 {¶ 3} Appellant's counsel further stated that Appellant was duly notified of his right to file a pro se merit brief. No merit brief was filed by Appellant.
 {¶ 4} The relevant facts leading to this appeal are as follows:
 STATEMENT OF FACTS {¶ 5} Appellant is the natural father of Karen Stewart, a minor child, whose date of birth is October 6, 1999. Ridgley Allington is the child's mother.
 {¶ 6} In December of 1999, the Coshocton County Department of Job and Family Services, (hereinafter "JFS") investigated a physical abuse referral. The JFS investigation revealed that the physical abuse of the child, which resulted in bruising, was perpetrated by the father, who spanked the child when he became frustrated with her crying. As a result of the investigation, the child was placed in foster care for approximately one year and was eventually reunited with Appellant and Ridgley Allington.
 {¶ 7} Thereafter, on July 23, 2004, at approximately 9:00 A.M., both retired and active members of the Coshocton County Fire Department and members of the Coshocton County Sheriff's Department responded to a "fire call" at Appellant's and Ms. Allington's residence.
 {¶ 8} Upon their arrival, the firefighters found Appellant and Ms. Allington outside their smoldering home. Appellant and Ms. Allington informed the firefighters that their daughter was chained to a crib inside the house. Appellant and Ms. Allington further stated that the child was chained to her crib so that she would not "wander off" during the night.
 {¶ 9} Several firefighters entered the home and attempted to locate the child by feeling their way through excessive smoke and heat. A "secondary search", utilizing hydraulic ventilation techniques, caused the smoke to lift approximately a foot off the floor enabling the firefighters to locate the unconscious child.
 {¶ 10} According to the testimony of the firefighters, the child had apparently attempted to escape the fire by climbing over the railing of the crib and falling to the floor. Firefighters testified that they found the child unconscious, with labored breathing, face down on the floor, with her arms stretched over her head and her feet chained to the end of a crib, which was located only inches from the foot of her parent's bed.
 {¶ 11} In order to free the child, firefighters had to break the restraining chains. The entire restraint consisted of a set of dog choker chains, which were placed around the child's ankles, padlocked together, hooked to a leash and attached to the crib.
 {¶ 12} Immediately after being removed from the residence, the child was transported to Coshocton County Memorial Hospital. At the hospital, the ankle chains were removed by hospital personnel using bolt cutters. A responding JFS worker testified that the child was covered in soot and had been severely burned. The child was subsequently life-flighted from Coshocton County Memorial Hospital to Columbus Children's Hospital, where she was admitted to pediatric ICU and listed in critical condition. Thereafter, on July 28, 2004, she was admitted to the burn unit. During her admittance, she was placed on a ventilator and was treated for second degree burns to her ears, face, and shoulder, as well as for smoke inhalation. On August 2, 2004, the child was released from Columbus Children's Hospital and was immediately placed in foster care.
 {¶ 13} Dr. Daniel Davis, an expert in psychology, child psychology and counseling performed a psychological evaluation on the Appellant and Ms. Allington. Dr. Davis testified that Appellant and Ms. Allington admitted they had been chaining the child to her bed for at least three months; that they knew that their use of restraint was wrong; and, that they were aware that other people would not think it was a "good idea". In Appellant's and Ms. Allington's defense, Dr. Davis stated that they are individuals who are incapable of handling even a routine day in a normal child's life. Dr. Davis admitted that the ramifications for the child, as a result of Appellant and Ms. Allington's use of the restraint, were significant, and, if not properly dealt with, the problems could have a "life long" psychological impact on the child.
 ASSIGNMENT OF ERROR {¶ 14} "The verdict is against the manifest weight of the evidence".
 {¶ 15} In determining whether a conviction is against the manifest weight of the evidence an appellate court: "[M]ust review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Thompkins, 78 Ohio St.3d 380,678 N.E.2d 541, 1997-Ohio-52, quoting State v. Martin (1983),20 Ohio App.3d 172, 485 N.E.2d. 717; See also, State v. Otten (1986),33 Ohio App.3d 339, 515 N.E.2d 1009.
 {¶ 16} The weight to be given the evidence presented and the credibility of the witnesses are primarily matters for the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230,227 N.E.2d 212, paragraph one of the syllabus. The trier of fact's decision is owed deference since the trier of fact is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the testimony. State v. Swartsell, Butler App. No. CA2002-06-151, 2003-Ohio-4450, at 34, citing, Seasons CoalCo. v. Cleveland (1984), 10 Ohio St.3d 77, 80, 461 N.E.2d 1273.
 {¶ 17} Judgments supported by some competent, credible evidence, going to all the essential elements of the case, will not be reversed as being against the manifest weight of the evidence. State v. Shahan, Stark App. No. 2002CA00163,2003-Ohio-852, at 24, citing C.E. Morris Co. v. FoleyConstruction (1978), 54 Ohio St.2d 279, 376 N.E.2d 578. In fact, this Court's "discretionary power * * * should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." State v. Martin,20 Ohio App.3d at 173; See also, State v. Otten, supra.
 {¶ 18} In this case, Appellant was convicted of Endangering Children, in violation of R.C. 2919.22(B)(3), each a felony of the second degree. R.C. 2919.22(B)(3) provides in pertinent part, as follows: "(B) No person shall do any of the following to a child under eighteen years of age or a mentally or physically handicapped child under twenty-one years of age * * * (3) Administer corporal punishment or other physical disciplinary measure, or physically restrain the child in a cruel manner or for a prolonged period, which punishment, discipline, or restraint is excessive under the circumstances and creates a substantial risk of serious physical harm to the child."
 {¶ 19} After a careful review of the entire record, weighing the evidence and all reasonable inferences and considering the credibility of the witnesses, this Court cannot conclude that the trial court clearly lost its way when it found Appellant guilty of Endangering Children. The trial court was in the best position to evaluate the credibility of witnesses and give proper weight to their testimony. See State v. DeHass (1967),10 Ohio St.2d 230, paragraph one of the syllabus. The testimony of the emergency personnel, JFS caseworker and psychologist, established that Appellant committed the crimes as charged.
 {¶ 20} Based on the foregoing, this Court cannot find that Appellant's conviction was against the manifest weight of the evidence. Accordingly Appellant's Assignment of Error is not well taken and the judgment of the trial court in this cause of action is hereby affirmed.
 {¶ 21} Attorney Baxter's motion to withdraw as counsel of record for Appellant is hereby granted.
 {¶ 22} The judgment of the Coshocton County Court of Common Pleas, General Division, is affirmed.
Edwards, J., Gwin, PJ. and Farmer, J. concur.
 JUDGMENT ENTRY {¶ 23} For the reasons stated in the Memorandum-Opinion on file, the judgment of the Coshocton County Court of Common Pleas, General Division, is affirmed.
 {¶ 24} Attorney Terrence Baxter's motion to withdraw as counsel for Appellant, Gerald Stewart is hereby granted.